UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF KENTUCKY
CINCINNATI DIVISION

| | | |
|---|---|---|
| **ELLEN CLARK** | : | **CASE NO.:** |
| 104 Park Place, #2 | : | |
| Fort Thomas, KY 41075 | : | |
| | : | |
| **Plaintiff** | : | |
| vs. | : | JUDGE _____ |
| | : | |
| **CITY DASH, LLC** | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| Serve: Corporation Service Company | : | |
|      50 West Broad Street, Suite 1330 | : | |
|      Columbus, OH 43215 | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT

Come now the Plaintiff, Ellen Clark, by and through counsel, and for her Complaint against Defendant, states as follows:

**PARTIES AND JURISDICTION**

1. At all times relevant hereto Plaintiff, Ellen Clark is and has been a resident and citizen of Campbell County, Kentucky.

2. At all times relevant hereto, Defendant, City Dash, LLC, ("City Dash") was a Ohio Limited Liability Company, with its principal office at 949 Laidlaw Avenue, Cincinnati, Ohio 45237.  City Dash was at all times mentioned herein an employer within the meaning of Ohio Revised Code § 4112 and Title VII of the Civil Rights Act of 1964, as amended.

3. Plaintiff was employed by Defendant in Hamilton County, Ohio, and the employment practices complained of herein all occurred in Hamilton County, Ohio.

1

4. Subject matter jurisdiction exists in this Court under 42 U.S.C. §2000, 28 U.S.C §1331, and 28 USC §1367 and other applicable laws.

5. The amount in controversy exceeds the minimum jurisdictional amount to establish Diversity of Citizenship jurisdiction.

6. This Complaint has been filed within the statute of limitations period established for the claims arising herein.

7. Original jurisdiction is appropriate in this Court based upon subject matter and diversity of citizenship jurisdiction.

8. Venue in the Southern District of Ohio is appropriate pursuant to 28 U.S.C. §1391 in that a substantial part of the events giving rise to the claim occurred within this district.

## ADMINISTRATIVE REQUIREMENTS

9. Within six months of the conduct set forth below, Plaintiff dually filed a Charge of Discrimination ("Charges") with the Ohio Civil Rights Commission ("OCRC"), Charge No. 22A-2021-01613F, and the Equal Employment Opportunity Commission ("EEOC") against City Dash alleging discrimination on the basis of her race, age, and retaliation in violation of Ohio Revised Code § 4112 and Title VII of the Civil Rights Act of 1964, as amended.

10. On or about January 13, 2022, the OCRC issued a Right to Sue letter to Plaintiff.

11. On or about March 29, 2022, the EEOC issue a Right to Sue Letter to Plaintiff.

12. Plaintiff received her RTS from the OCRC and the EEOC in accordance with 42 U.S.C. §23000e5(f)(1).

13. Plaintiff has filed the instant action within the applicable statute of limitations.

14. Plaintiff has exhausted his administrative requirements pursuant to Ohio Revised Code § 4112.052. and 29 C.F.R. §1614.407(b).

## **FACTS RELEVANT TO ALL CLAIMS**

15.     Plaintiff is an African American female whose date of birth is July 31, 1959.

16.     Plaintiff was hired by Defendant as a Customer Service Representative in or around August 1997.

17.     On numerous occasions during her employment with Defendant, Plaintiff was subjected to constant, severe and pervasive, racially discriminatory comments and treatment. These comments include but are not limited to: referring to black employees as "you people", making references to black employees receiving "government cheese", and calling President Obama "Ellen's President". The treatment included but was not limited to: the Customer Service Manager attempting to have black employees terminated, disparate treatment of black employees in disciplinary actions and treatment, and a lack of raises and opportunities for black employees.

18.     On multiple occasions throughout her employment, Plaintiff complained, both on her own behalf and on behalf of other employees who had presented concerns to her, about black employees being treated differently than white employees, and being denied promotions and similar opportunities as white employees due to their race. This includes but is not limited to: contacting the Founder and owner on at least a yearly basis since the start of her employment, and "interventions" with the President/Owner of Defendant, and the individual accused of race discrimination.

19.     Despite her well-documented and constant complaints regarding the illegally racially discriminatory work-environment, Defendant has taken no remedial action.

20. In or around October 2020, after years of complaints regarding race discrimination, Defendant contacted Plaintiff regarding alleged messages that were sent between her and two co-workers on Defendant's system and told her she was not to return to work and that she was barred from company property. Shortly thereafter, Defendant terminated Plaintiff in direct retaliation for her ongoing and consistent complaints of race discrimination.

21. The other two employees, one white and one black, who were implicated in the investigation and who are both significantly younger than Plaintiff, were not terminated for their role in the incident.

22. The white co-worker who was implicated in Defendant's investigation received a promotion shortly after this incident. The black co-worker implicated in this incident received a final warning.

23. On the date of her termination, Plaintiff was the oldest member of her department.

24. As a direct result of Defendant's acts or failures to act stated herein, Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to pain and suffering, emotional distress, and mental anxiety for which he is entitled to compensation.

## COUNT I
## RACE DISCRIMINATION

25. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

26. The actions described herein created a racially hostile and racially discriminatory work environment in violation of O.R.C. § 4112 and Title VII.

27. As a direct and proximate result of Plaintiff's conduct described herein, Plaintiff has suffered mental and emotional distress, for which she should receive compensatory damages as well as her reasonable attorney fees and costs.

## COUNT II
## RETALIATION – TITLE VII & O.R.C. § 4112

28. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

29. Once Plaintiff complained of the illegal hostile work environment, Defendant took numerous retaliatory acts against her, culminating in Defendant's termination of Plaintiff.

30. As a direct and proximate result of Defendant's conduct herein, Plaintiff has suffered a loss of income and benefits, severe emotional distress and mental anxiety, all for which she should be compensated.

## COUNT III
## AGE DISCRIMINATION

31. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

32. The actions described herein created a hostile and discriminatory work environment based on Plaintiff in violation Title VII.

33. As a direct and proximate result of Plaintiff's conduct described herein, Plaintiff has suffered mental and emotional distress, for which she should receive compensatory damages as well as her reasonable attorney fees and costs.

**WHEREFORE,** the Plaintiff, Ellen Clark, demands judgment against the Defendant as follows:

  A. For all compensatory, liquidated, and punitive damages with respect to statutory and tort claims in an amount to be determined by the jury;

  B. For back pay, reinstatement or in the alternative front pay, and other appropriate relief;

  C. For an award of reasonable costs and attorney's fees;

  D. For pre-judgment and post-judgment interest; and

  E. For any and all other equitable and legal relief to which Plaintiffs appear entitled.

Respectfully submitted,

GATLIN VOELKER, PLLC

/s/Barbara B. Bonar
Barbara B. Bonar (OBA#0043797)
50 E. Rivercenter Blvd., Ste. #1275
Covington, Kentucky 41011
(859) 781-9100
bbonar@gatlinvoelker.com

## **JURY DEMAND**

Plaintiff herein demands a trial by jury.

/s/Barbara B. Bonar
Barbara B. Bonar